IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARLON MIRANDA-PORTILLO,

Petitioner,

v. No. 2:26-cv-2689-KG-JMR

LUNA COUNTY DETENTION CENTER, *et al.*,

Respondents.

ORDER TO SHOW CAUSE

Before the Court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is in custody at the Luna County Detention Center in Deming, New Mexico and is proceeding *pro se*. He challenges his custody by Immigration and Customs Enforcement (ICE) and seeks release and to "be allowed to attend any future court hearings outside detention." (Doc. 1) at 7. Petitioner does not provide an A-number and does not state when he was taken into immigration custody or the status of any immigration proceedings. Moreover, it appears Petitioner is in custody pursuant to criminal charges in Case No. 26-CR-4101-RB, and is not in immigration detention. *Compare* (Doc. 1) at 14 (Intake form dated July 7, 2026, noting criminal offense of Illegal Entry) *with* (CR Doc. 1, filed in Case No. 26-CR-4101-RB) (Criminal Complaint dated July 5, 2026, noting arrest for reentry of a removed alien in violation of 8 U.S.C. 1326(a)). The criminal docket further reflects that Petitioner was ordered to remain in custody pending trial, and that he pled guilty to the illegal reentry charge on August 17, 2026. *See* (CR Docs. 10, 15 and 16, filed in Case No. 26-CR-4101-RB).

Based on the foregoing, it appears the proper avenue for Petitioner to challenge his detention is his pending criminal case. *See Medina v. Choate*, 875 F.3d 1025, 1026 (10th Cir. 2017) (explaining federal pre-trial detainees usually must exhaust other available remedies before seeking habeas corpus relief under § 2241, stating "§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial"); *see also Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014) (holding that claims relating to pre-trial detainee's pending federal criminal case must be exhausted in the criminal action, or on appeal after conviction, and not in a habeas petition). The Court will therefore order Petitioner to show cause within twenty-one (21) days why the Petition should not be dismissed. The failure to timely comply with this Order may result in dismissal of this case without prejudice and without further notice.

IT IS THEREFORE ORDERED that within twenty-one (21) days of entry of this Order Petitioner must show cause why his Petition should not be dismissed without prejudice.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.