IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARLON MIRANDA-PORTILLO,

Petitioner,

v. No. 2:26-cv-2689-KG-JMR

LUNA COUNTY DETENTION CENTER, *et al.*,

Respondents.

ORDER OF DISMISSAL

THIS MATTER is before the Court following Petitioner's failure to prosecute his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is in custody at the Luna County Detention Center in Deming, New Mexico and is proceeding *pro se*. He challenges his custody by Immigration and Customs Enforcement (ICE) and seeks release and to "be allowed to attend any future court hearings outside detention." (Doc. 1) at 7. By an Order to Show Cause entered August 21, 2026, the Court noted that it appears Petitioner is in custody pursuant to criminal charges in Case No. 26-CR-4101-RB and is not in immigration detention. *See* (Doc. 4) (Order to Show Cause) (citing CR Doc. 1, filed in Case No. 26-CR-4101-RB, Criminal Complaint dated July 5, 2026, noting arrest for reentry of a removed alien in violation of 8 U.S.C. 1326(a)). The Court explained the proper avenue for Petitioner to challenge his detention is his pending criminal case. *See Medina v. Choate*, 875 F.3d 1025, 1026 (10th Cir. 2017) (explaining federal pre-trial detainees usually must exhaust other available remedies before seeking habeas corpus relief under Section 2241, stating "§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial"); *see also Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014) (holding that claims relating to pre-trial detainee's pending federal criminal case must be

exhausted in the criminal action, or on appeal after conviction, and not in a habeas petition). The Court directed Petitioner to show cause within twenty-one days why the Petition should not be dismissed without prejudice and warned that failure to timely comply may result in dismissal of this action without further notice. *See id*. at 2.

The deadline to comply with the Order to Show Cause was September 11, 2026. Petitioner did not comply, show cause for such failure, or otherwise respond to the Order. Accordingly, the Court will dismiss the Petition without prejudice pursuant to Fed. R. Civ. P. 41(b) "for failure to prosecute [and] comply with [civil rules and] court orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). To the extent necessary, the Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the failure to prosecute is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to obtain COA, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment . . . debatable or wrong"); *DeAtley v. Williams*, 782 F. App'x 736, 737 (10th Cir. 2019) (declining to issue a COA after district court dismissed habeas petition under Rule 41(b)).

IT IS THEREFORE ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is DISMISSED without prejudice;
2. A certificate of appealability is DENIED; and
3. The Court will enter a separate judgment closing this civil habeas case.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.